United States District Court
Southern District of Texas

**ENTERED**

February 22, 2017

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ANDRES RAMOS ORDONES, | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. B-17-35 |
| | § | (Criminal No.  B-15-1065-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Movant Andres Ramos Ordoñes's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter, Ordoñes's "Motion" or "§ 2255 Motion").  Dkt. No. 1.  Ordoñes's § 2255 Motion attacks his judgment of conviction and sentence in *United States v. Andres Ramos Ordonez*, 1:15-cr-1065-1, Dkt. No. 27.[1]  It is recommended that the Court dismiss Ordoñes's § 2255 Motion and case without prejudice because his appeal in *United States v. Andres Ramos Ordonez* is still pending and resolution of his appeal may moot or otherwise affect the requests for relief set forth in his instant § 2255 Motion.  Additionally, it is recommended that the Court decline to issue a certificate of appealability.

---

[1]  Hereinafter, Movant's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.  Further, in his instant § 2255 Motion, Movant lists his name as "Andres Ramos Ordoñes."  Dkt. No. 1 at 1, 7.  The Court will refer to Movant as Ordoñes in this Report and Recommendation, but notes that his records reveal that he has used other names.  *See* CR Dkt. No. 27 at 1 (identifying Ordoñes as "Andres Ramos Ordonez A/K/A Junior Garcia-Torres"); CR Dkt. No. 19 at 2 (listing six other aliases).

## I.  Background

On March 3, 2016, Ordoñes pleaded guilty, without a plea agreement, in this District Court to being an alien unlawfully found in the United States after deportation, having been previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b).  *See* CR Dkt. No. 27 at 1.  On June 15, 2016, United States District Judge Rolando Olvera sentenced Ordoñes to 57 months of imprisonment.  *Id.* at 1-2.  Judgment was entered on June 29, 2016.  *Id.* at 1.

On June 23, 2016, Ordoñes filed a Notice of Appeal.  CR Dkt. No. 25.  On February 13, 2017, Ordoñes filed his instant pro se § 2255 Motion.  Dkt. No. 1.  In his § 2255 Motion, Ordoñes states that he was sentenced in error, and asserts that his counsel provided him with ineffective assistance.  *Id.* at 4-5.  Ordoñes also states that he would have appealed, but for the ineffective assistance of his counsel. *Id.* at 4. Through counsel, however, Ordoñes has appealed (*see* CR Dkt. No. 25), and his appeal is still pending.  *See Ramos Ordonez v. United States*, USCA No. 16-40916 (5th Cir., filed June 23, 2016).

## II.     28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The nature of a § 2255 collateral challenge is extremely limited, being reserved for

instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[2] amended 28 U.S.C. § 2255 to provide for a one-year limitations period applicable to motions filed under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Pursuant to § 2255(f), the one-year limitation period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### III. Discussion

Ordoñes's appeal of his judgment of conviction and sentence is still pending,[3] and his conviction is not final for purposes of calculating his limitations period under

---

[2] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[3] *See Ramos Ordonez v. United States*, USCA No. 16-40916 (5th Cir., filed June 23, 2016).

§ 2255(f).  "The general rule is that, absent extraordinary circumstances, criminal defendants may not seek collateral relief, including the filing of a § 2255 motion, during the pendency of a direct appeal, as the disposition of the appeal may render the motion moot."  *Lopez v. United States*, Civil Action No. 10-00242-WS, 2010 WL 2574182, at *2  (S.D. Ala., May 20, 2010) (collecting cases); *see also United States v. Robinson*, 8 F.3d 398, 405–06 (3rd Cir. 1993) (general rule is that absent extraordinary circumstances, district courts should not consider § 2255 motions, including § 2255 motions asserting ineffective assistance of counsel, if a direct appeal is pending). Consistent with this general rule, the Fifth Circuit has held that "a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1998) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)).  *See also Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968) (a § 2255 motion "will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."), *abrogated on other grounds by United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988); *Stark v. Holder*, No. 3:14-CV-2920, 2014 WL 5013742, at *5 (N.D. Tex., Oct. 7, 2014) (same) (citing *Jones*, 453 F.2d 351, 352 and *Robinson*, 8 F.3d 398, 405-06).

Thus, because Ordoñes is still pursuing a direct appeal, his instant § 2255 Motion is premature.  The outcome of his appeal could moot his alleged § 2255 requests for relief.  Consistent with the general rule, then, it is inappropriate to address Ordoñes's § 2255 Motion prior to the resolution of his direct appeal because no extraordinary circumstances mandating immediate review are present on the record before the Court.  "In such a situation, the defendant's § 2255 motion should be

dismissed without prejudice to refiling after resolution of the direct appeal." *Hernandez–Muniz v. United States*, No. B-09-143, 2009 WL 2253249, at *1 (S.D. Tex. July 28, 2009) (citing *United States v. Fantozzi*, 90 F. App'x. 73, 74 (5th Cir. 2004)); *See also United States v. Ferguson*, H-09-604-1, 2010 WL 2698615, at *1 (S.D. Tex., July 7, 2010) (same).   Accordingly, Ordoñes's § 2255 Motion and case should be dismissed without prejudice to refiling.

## IV.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted).   Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id*. at 484.  Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th

Cir. 2000). A certificate of appealability should not issue in this case because Ordoñes has not made a substantial showing of the denial of a constitutional right.

## V.  Recommendation

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Ordoñes's § 2255 Motion (Dkt. No. 1) and case be summarily dismissed without prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VI.  Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 22nd day of February, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**